**Alan LANDAU, Plaintiff,**

v.

**COSMETIC AND RECONSTRUCTIVE SURGERY CENTER, INC. and Thomas Kelly, M.D., Defendants.**

**No. 94 C 2459.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 31, 1994.

**118**

William T. McGrath, Davis, Mannix & McGrath, Chicago, IL, for plaintiff.

Richard William Austin, Matthew J. Egan, Pretzel & Stouffer, Chtd., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Allan Landau sues Cosmetic and Reconstructive Surgery Center, Inc. and Thomas Kelly, M.D. (collectively "Kelly") for copyright infringement. After Kelly failed to answer or otherwise plead, the court entered default. *See* Order, No. 94 C 2459 (N.D.Ill. Aug. 11, 1994). Kelly moves to set aside default and seeks leave to answer the complaint. Landau submits prove up documents to establish his damages.

### BACKGROUND

Landau is a professional photographer. In his complaint, Landau alleges that Kelly used a copyrighted photograph of his in a magazine advertisement without obtaining permission or paying a royalty. Landau filed this copyright infringement action on April 20, 1994. On June 7, 1994, Kelly executed a waiver of service and summons. An answer to the complaint was due twenty days later. *See* Fed.R.Civ.P. 12(a)(1)(A). On August 3, 1994, Landau moved for default. On August 11, 1994, the court granted Landau's motion for default. The following day, Kelly moved to set aside default pursuant to Fed.R.Civ.P. 55(c).

### DISCUSSION

**1. Default**

■ Kelly moves to set aside default. An order of default may be set aside "for good cause shown." Fed.R.Civ.P. 55(c). To establish good cause and warrant setting aside default, Kelly must show: (1) good cause for the default; (2) quick action to correct the default; and (3) a meritorious defense to the complaint. *See United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989).

**a. Good cause**

■ In moving to set aside default, Kelly contends that he failed to answer the complaint due to miscommunication with his for-

mer counsel, William Cooley. Kelly attests that until August 2, 1994, he mistakenly believed that Cooley would represent him and file an answer to the complaint on his behalf. *See* Motion Ex. C, Kelly Aff., ¶ 3. Kelly further attests that as soon as he was advised of Cooley's intention not to represent him, he immediately retained new counsel. *Id.*, ¶ 4. However, by the time he obtained new counsel, the motion for default had been granted.

Landau objects to the motion to set aside default. Landau argues that Kelly's claims are not credible because Cooley notified opposing counsel and stated in open court that he would not be appearing as counsel of record and would not be filing an answer on Kelly's behalf. *See* McGrath Decl., ¶¶ 3–4. In addition, Landau asserts that during a conference call regarding possible settlement, Kelly and Cooley both indicated their intention to accept default, and merely contest the issue of damages. *Id.*, ¶ 5.

There is clear evidence that the default was not caused simply by miscommunication. From the outset, Cooley made it clear to opposing counsel and the court that he would not be filing an answer to the complaint. It is highly unlikely that Cooley clearly informed opposing counsel of his limited role in the case but failed to notify his client. Thus, Kelly's claim that he believed that Cooley would represent him and file an answer on his behalf is simply not credible. Moreover, Kelly personally informed opposing counsel that he would accept a default order and merely contest damages. After acceding to a default, Kelly cannot now change his tack and file an answer to the complaint. For these reasons, Kelly fails to establish good cause for the default. The motion to set aside default must be denied.

### b. Meritorious defense

■ Even if Kelly could show good cause for the default, he nevertheless fails to establish a meritorious defense. Kelly's burden to establish a meritorious defense is substantial. To set aside the default, Kelly must come forward with "more than the bare legal conclusions set forth in [his] proposed answer." *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir.1982). In his proposed answer to the complaint, Kelly admits that Landau never permitted him to commercially reproduce the photograph. *See* Motion, Ex. B, ¶ 10. Instead, Kelly argues that the model portrayed in the photograph permitted him to use the photograph. *Id.* However, under the copyright laws, only the owner of the copyright may transfer rights to copyrighted work. *See* 17 U.S.C. § 106. Landau, not the model, was the author of the photograph and the holder of the copyright.[1] Kelly fails to establish good cause or a meritorious defense. Accordingly, the motion to set aside default is denied.

### 2. Damages

■ In light of the default and the denial of the motion to set aside default, judgment is entered in favor of Landau on his copyright infringement claim. Under the copyright laws, Landau is entitled to recover his actual damages plus any profits earned by the infringer. *See* 17 U.S.C. § 504(a)(1). The Seventh Circuit has held that "substantial liberality is shown to plaintiffs in infringement actions in their proof of damages." *Deltak, Inc. v. Advanced Systems, Inc.*, 767 F.2d 357, 363 (7th Cir.1985). In addition, it is within the court's discretion to award Landau the full costs of the suit. *See* 17 U.S.C. § 505.[2] Landau claims actual damages of $25,000 plus costs.

■ In support of his damages claim, Landau submits his own affidavit as well as the declaration of Jeffrey Schewe, a purported expert in matters of photographic technique and the aesthetic value of photography. Both of these submissions are replete with generalities: Landau attests to the importance of the photographer's "vision"; he explains that a photographic shoot may take several days and requires substantial over-

---

1. Landau's copyright application was pending when Kelly used the photograph in an advertisement.

2. Because Landau had not registered the copyright prior to the infringement, he may not recover attorneys' fees. *See* 17 U.S.C. § 412.

head; he offers his opinion that the infringed photograph is of superior quality; and he opines that the infringement caused him to lose good will. *See* Landau Aff., ¶¶ 5, 11–12, 15–17. Schewe attests that the infringed photograph is of high technical merit; he confirms that a professional photographer works under pressure; and he opines that the infringement depreciated the future value of the photograph. *See* Schewe Decl., ¶¶ 2–3, 6.

Based on these conclusory submissions, Landau fails to document his claim for $25,-000 in damages. Landau fails to establish how much he usually earns for similar work—or even the most he has ever earned for a single photographic shoot. Landau fails to document the factors that went into taking this particular photograph, including the time spent and the overhead expended. Landau fails to place a dollar amount on future value of the photograph, the potential loss of good will, or the use value that accrued to Kelly based on the infringement. Instead, Landau simply attests to the difficulties of being a professional photographer and concludes that his actual damages are $25,000. On the meager factual record Landau provides, the court cannot properly determine damages. Landau is directed to file amended prove up documents that state his damages claim with greater particularity.

### CONCLUSION

The motion to set aside default is denied. Plaintiff Allan Landau is directed to file amended prove up documents by September 15, 1994. Defendants may file any objections by September 29, 1994.