**Tom ZITO, Plaintiff,**

**v.**

**STEEPLECHASE FILMS, INC., a New York Corporation, the Public Broadcasting Service, a not for profit corporation, d/b/a PBS, and Sierra Club Productions, a California Corporation, Defendants.**

**No. C–02–02168 RMW.**

United States District Court,
N.D. California.
San Jose Division.

Jan. 30, 2003.

Terry D. Jackson, Terry D. Jackson, P.C., Philip Walden, Jr., Jones & Walden, LLC, Atlanta, GA, William E. Weiss, Law Offices of William E. Weiss, San Francisco, CA, for Plaintiff.

Thomas R. Burke, Davis Wright Tremaine LLP, San Francisco, CA, Alison G. Naidech, Peter D. Raymond, Hall Dickler Kent Goldstein & Wood, New York City, for Defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

WHYTE, District Judge.

Defendants' motion to dismiss was heard on January 10, 2003. For the reasons set forth below, the court grants in part and denies is part defendants' motion.

## I. BACKGROUND

This is a Copyright infringement case. The central issue in this case is whether defendants' alleged unauthorized use of a photograph allegedly taken by plaintiff Tom Zito in a documentary film produced by defendants violates Zito's federal and state rights. Zito's Amended and Recast Complaint for Damages includes federal

claims under the Copyright Act, 17 U.S.C. § 101, et seq., and section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and state claims under theories of unjust enrichment, conversion, and fraud. Zito seeks to recover declaratory and injunctive relief, compensatory damages, punitive damages and attorney's fees. The question in this motion is whether Zito's Amended and Recast Complaint for Damages states a claim for which relief can be granted. The relevant factual background, taken in a light most favorable to the plaintiff, is as follows.

Plaintiff took a photograph of Ansel Adams in front of Half Dome in Yosemite National Park in 1980 in connection with a story that he was writing about Mr. Adams for the Washington Post. Plaintiff did not use the photograph in the story and has never published the photograph. Sometime in 2001 or 2002, Marilyn Ness, a representative of defendant Steeplechase allegedly acting on behalf of the other defendants, contacted plaintiff about using the Half Dome photograph as well as other photographs in a documentary about Ansel Adams that Steeplechase was producing. Plaintiff contends that Steeplechase inserted the Half Dome photograph into the documentary before asking for his permission to use the photo. Plaintiff also contends that defendants represented that they knew they were not allowed to use the photograph unless plaintiff agreed. Plaintiff did not give Steeplechase or any of the defendants his consent to use the photograph in the documentary, yet the photograph was included. Plaintiff contends that the documentary was first aired around April 2002 and that defendants continue to broadcast and make other uses of the documentary containing the photograph. Allegedly, one version of the documentary credits plaintiff as having contributed a photograph (without identifying which one) to the documentary.

On May 3, 2002 plaintiff filed a complaint alleging copyright infringement. A month later, on or about June 17, 2002, he registered the copyright in the photograph. On June 19, 2002 plaintiff filed an amended complaint in which he modified his copyright infringement claim, added six additional claims, and attached a copy of his filed copyright registration form. The registration form indicates the date of first publication for the photograph as April 1, 2002.

Defendants now challenge the sufficiency of plaintiff's Amended Complaint on several different grounds. First, defendants argue that plaintiff's failure to register his photograph with the Copyright Office before filing suit deprives this court of subject matter jurisdiction pursuant to 17 U.S.C. § 411(a). Second, defendants argue that under 17 U.S.C. § 412 plaintiff's failure to register his photograph before the alleged infringement commenced precludes plaintiff from seeking statutory damages or attorney's fees. Third, defendants argue that plaintiff has not adequately pleaded a claim for fraud. Fourth, defendants argue that plaintiff's state law claims for conversion and unjust enrichment are preempted by 17 U.S.C. § 301. Fifth, defendants argue that plaintiff has failed to state a cause of action under the Lanham Act. Lastly, defendants argue that plaintiff's sixth cause of action for attorney's fees and seventh cause of action for punitive damages do not state separate causes of action and should be dismissed.

## II. ANALYSIS

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. In a Rule 12(b)(6) motion, all material allegations in the complaint must be taken as true and construed in the

light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir.1994). Dismissal is appropriate only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, it is not proper for the court to assume that the plaintiff can prove facts which he or she has not alleged. *Anthony v. County of Sacramento, Sheriff's Dept.,* 845 F.Supp. 1396, 1399 (quoting *Associated General Contractors v. California State Council,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)); *see also In re VeriFone Sec., Lit.,* 11 F.3d 865, 868 (9th Cir.1993) ("[U]nwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

**A. Timeliness of Registration**

The defendants contend that because the plaintiff failed to register his photograph with the Copyright Office before filing his complaint, this court lacks subject matter jurisdiction and plaintiff's suit should be dismissed. While defendants are correct that registration is required for this court to hear plaintiff's copyright claim, dismissal is not called for since plaintiff cured this defect by registering his copyrighted photograph and filing an amended complaint.

Registration of a copyrighted work with the Copyright Office is a prerequisite to filing suit under copyright law. 17 U.S.C. § 411(a); *Jefferson Airplane v. Berkeley Systems, Inc.,* 886 F.Supp. 713, 714–15 (N.D.Cal.1994). Registration is a jurisdictional requirement. *See Jefferson Airplane,* 886 F.Supp. at 715; *Dielsi v. Falk,* 916 F.Supp. 985, 995 (C.D.Cal.1996). However, as a matter of efficiency, a failure to allege registration can be cured if the plaintiff registers the copyright and files an amended complaint including an allegation that the copyrighted work is registered. *See M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486, 1489 (11th Cir.1990); *Frankel v. Stein and Day, Inc.,* 470 F.Supp. 209, 212 n. 2 (S.D.N.Y. 1979); *Chuck Blore & Don Richman Inc. v. 20/20 Advertising Inc.,* 674 F.Supp. 671, 673 n. 1 (D.Minn.1987).

In this case, plaintiff's Amended Complaint contains an allegation that plaintiff registered his photograph and includes, as an attachment, plaintiff's filed copyright registration form. Therefore, any problems with plaintiff complying with 17 U.S.C. § 411(a) have been cured.

**B. Attorney's Fees and Statutory Damages**

Defendants also contend that if plaintiff is allowed to maintain a copyright infringement claim, because the photograph at issue was unpublished and unregistered at the time of the alleged infringement, plaintiff is precluded from recovering statutory damages and attorney's fees under 17 U.S.C. § 412. Plaintiff counters that he is entitled to pursue statutory damages and attorney's fees because defendants' infringement constituted publication and he registered his copyright within three months of publication, which is expressly allowed under 17 U.S.C. § 412.

Under the Copyright Act, plaintiff is entitled, at its own election to either (1) actual damages and the infringer's profit, or (2) statutory damages for defendants' infringement. 17 U.S.C. § 504. The court may also award attorney's fees and costs. 17 U.S.C. § 505. Both statutory damages and attorney's fees and costs are unavailable if "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2)

any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

In this case it is undisputed that plaintiff's photograph was unpublished and unregistered before defendants alleged infringement commenced in April or May of 2002. Therefore, based on the unambiguous language of the statute, plaintiff is not entitled to attorney's fees or statutory damages. Of course, plaintiff may still seek to recover actual damages and defendants' profits attributable to the alleged infringement.

In order to avoid the effects of this statute, plaintiff argues that he is entitled to statutory damages because (1) the photograph was "published" when defendants released their documentary to the public in April or May of 2002 and (2) plaintiff registered the photograph within three months of this publication. While there is a certain amount of common sense appeal to plaintiff's argument, it is not supported by the current state of the law.

"Publication" of a copyrighted work is the distribution of copies ... of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending... [or] offering to distribute copies... to a group of persons for purposes of further distribution, public performance, or public display. 17 U.S.C. § 101. Even though this definition does not explicitly require that the distribution of a copyrighted work be made under the authority of the copyright owner for a distribution to constitute publication, "[t]his, however, is undoubtedly implied. Congress could not have intended that the various legal consequences of publication under the current Act would be triggered by an unauthorized act of an infringer or other stranger to the copyright." 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 4.04 at 4–22 to 4–23 (2002).

Additionally, the case law applying 17 U.S.C. § 412, while not directly addressing the issue, supports the inference that an act that commences infringement does not publish an otherwise unpublished work. In *Harper & Row, Publishers, Inc. v. Nation Ent.*, for instance, holders of a copyright on unpublished and unregistered memoirs brought a copyright infringement action against the publishers of a weekly magazine in connection with an article quoting and paraphrasing from portions of the memoirs. 557 F.Supp. 1067, 1069 (S.D.N.Y.1983). Despite the fact that the magazine article made available portions of an unpublished work to the public, plaintiffs were not entitled to statutory damages or attorney's fees pursuant to the plain meaning of section 412. *Id.* at 1073. Likewise, in *Landau v. Cosmetic and Reconstructive Surgery Center, Inc.*, a photographer was not entitled to attorney's fees for unauthorized use of a copyrighted photograph in an advertisement where plaintiff had not registered the copyright prior to the infringement. 158 F.R.D. 117, 119 n. 2 (N.D.Ill.1994).

The statute contemplates the interaction of three distinct events, the date of registration, the date of first publication, and the date infringement commences. The available case law, while not directly addressing the issue, seems to indicate that if a work is unpublished and unregistered at the time of infringement, no statutory damages or attorney's fees are available despite the fact that the infringement itself may involve the unauthorized distribution of a copyrighted work. Therefore, plaintiff is barred from seeking statutory damages and attorney fees for his copyright infringement claim.

### B. Preemption of State Law claims

Defendants contend that plaintiff's conversion and unjust enrichment claims are preempted by federal copyright law under 17 U.S.C. § 301. Plaintiff responds that preemption does not apply because each of these claims require proof of additional elements not required for copyright infringement.

A plaintiff's state-law cause of action is preempted under 17 U.S.C. § 301(a) if: (1) the work involved falls within the general subject matter of the Copyright Act as specified by sections 102 and 103; and (2) the rights that the plaintiff asserts under state law are equivalent to those protected by the Act in section 106. 17 U.S.C. 301(a); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir.2001). However, where a state law claim contains an element not shared by the federal law that "changes the nature of the action so that it is qualitatively different from a copyright infringement claim" there is no preemption. *Summit Machine Tool Manufacturing Corp. v. Victor CNC Systems, Inc.*, 7 F.3d 1434, 1439–40 (9th Cir.1993).

So, for instance, fraud or negligent misrepresentation claims are generally not preempted because they involve the element of a statement or misrepresentation that induced the plaintiff's reliance and caused damages not attributable to copyright infringement. *See Valente–Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir.1989); *Dielsi v. Falk*, 916 F.Supp. 985, 991 (C.D.Cal.1996). However, conversion claims generally are preempted even though there is an additional element of intent. *See Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1130 (N.D.Cal. 2001). The extra element in a conversion claim does not necessarily change the nature of the underlying rights at issue. *Id.* A conversion claim arising from the unauthorized reproduction and distribution of a copyrighted work only interferes with the plaintiff's intangible property right and is equivalent to a claim for copyright infringement. *Id.* Likewise, claims for unjust enrichment are also generally preempted. *See Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir.1987). While a claim for unjust enrichment may require proof that a benefit was conferred on the defendant, where the unjust enrichment arises from defendants' unauthorized use of a copyrighted work, such an extra element does not qualitatively change the rights at issue, the rights the plaintiff holds in the copyrighted work, and does not avoid preemption. *See Systems XIX, Inc. v. Parker*, 30 F.Supp.2d 1225, 1230–31 (N.D.Cal.1998).

In this case plaintiff's state law claims for conversion and unjust enrichment are based on the same facts as his infringement claim. Plaintiff's state tort allegations, with the exception of the fraud claim, do not implicate any facts or rights in addition to plaintiff's copyrights. Thus, plaintiff's state law claims for conversion and unjust enrichment are preempted and must be dismissed.

### C. Fraud

Plaintiff's fraud claim must be dismissed because his allegations do not state a cognizable cause of action. Under California law the elements of fraud are (a) misrepresentation (b) knowledge of falsity (scienter); (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Nagy v. Nagy*, 210 Cal.App.3d 1262, 1268, 258 Cal.Rptr. 787 (1989). In order to recover on a claim for fraud, the plaintiff must establish the "detriment proximately caused" by the defendant's tortious conduct. Cal. Civ.Code, § 3333. "Deception without resulting loss is not actionable fraud. [Citation.]" *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807,

1818, 52 Cal.Rptr.2d 650 (1996). Additionally, under federal pleading standards, a plaintiff asserting a fraud claim must also allege "the circumstances constituting fraud or mistake... with particularity." Fed.R.Civ.P. 9(b).

Plaintiff alleges that defendants, through Ms. Ness, on various occasions during late 2001 and early 2002 attempted to induce plaintiff into a licencing agreement. Defendants failed to disclose that they already used the copyrighted photograph in a documentary film and misrepresented that they would not use the photograph without his permission. While plaintiff alleges that he relied on these omissions and misrepresentations, plaintiff did not give defendants permission to use the photograph. Plaintiff claims that he was damaged by the alleged fraud when defendants subsequently used his copyrighted photograph.

While, plaintiff, arguably, meets the requirements of Rule 9(b), plaintiff's allegations fail to state a cognizable claim for fraud. According to plaintiff's Amended Complaint, plaintiff did not justifiably rely on defendants' misrepresentations or omissions because he, in fact, refused to grant permission for the use of his photograph. Also, plaintiff's damages, the subsequent infringement of the copyright, did not result from plaintiff's reliance on defendants' alleged fraud. Plaintiff's loss of compensation for the use of his photograph was caused by the infringement not by any detrimental reliance on plaintiff's part. A claim for fraud requires that the plaintiff suffer damages resulting from reasonable reliance on a false statement or omission. For instance, plaintiff might state a claim for fraud if he were to allege that in reliance on defendants' misrepresentations plaintiff did not register his photograph with the copyright office and has suffered damages as a result. Plaintiff's fraud claim as is therefore dismissed with leave to amend.

**D. Lanham Act**

The Lanham act explicitly condemns false designations or representations in connection with any goods or services. Section 43(a) of the Lanham Act provides:

> Any person who shall affix, apply, or annex, or use in connection with any goods or services... a false designation of origin, or any false description of representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity of such designation of origin or description ... shall be liable to a civil action by any person... who believes that he is or is likely to be damaged by the use of such false description or representation.

15 U.S.C. § 1125(a)(1)(A).

The Ninth Circuit recognizes that misdesignation of origin, or "passing off," constitutes a violation of Section 43(a). *Lamothe v. Atlantic Recording Corp.*, 847 F.2d 1403, 1406 (9th Cir.1988). Passing off involves selling a good or service of one person's creation under the name or mark of another. *Id.* Passing off may be either express or implied. *Id.* Express passing off occurs when a business labels its goods or services with a mark identical to that of another enterprise. *Id.* Implied passing off involves the use of a competitor's advertising material, or a sample or photograph of the competitor's product, to impliedly represent that the product being sold is made by the competitor. *Id.*

The Ninth Circuit also recognizes "reverse passing off" which may be either express or implied. *Id.* Express reverse passing off is accomplished when the wrongdoer removes the name or trade-

mark on another party's product and sells that product under a name chosen by the wrongdoer. *Id.* Implied reverse passing off is accomplished simply bey removing or obliterating the name of the source and then selling he product in an unbranded state. *Id.*

In the context of attribution for a copyrighted work, in *Lamothe,* the Ninth Circuit found that a defendant engaged in express reverse passing off where that defendant published a song co-authored by the defendant and the two plaintiffs but obscured the designation of origin by attributing the song to himself and leaving out the names of his co-authors. *Id.* at 1406–07. Following *Lamothe,* a defendant may be liable for reverse passing off by failing to attribute a copyrighted work to one of the copyright holders. However, a failure to designate an author of a copyrighted work is not reverse passing off if that author contracted away his or her rights to attribution or if the alleged missattributed material is only substantially similar to and not a bodily appropriation of the author's copyrighted work. *See Cleary v. News Corp.,* 30 F.3d 1255, 1260–61 (9th Cir.1994) (no reverse passing off claim for "work for hire" contributor where allegedly missattributed material was derivative work); *Shaw v. Lindheim,* 919 F.2d 1353, 1364 (9th Cir.1990) (no reverse passing off claim for leaving copyright holders name off substantially similar television script).

In this case, defendants inclusion of a copy of plaintiff's copyrighted photograph in their documentary film is a bodily appropriation of plaintiff's work. Plaintiff's complaint sets forth facts sufficient to raise an inference that defendants engaged in reverse passing off. Defendants used plaintiff's photograph but did not directly attribute the photograph to plaintiff. If defendants did give credit to plaintiff they did so only generally in the films final credits. It is reasonable to infer that the manner in which defendants present plaintiff's photograph may cause confusion as to its origin. Thus, defendants motion to dismiss plaintiff's Lanham act claim must be denied.

## III. ORDER

For the foregoing reasons, the court grants in part and denies in part defendants' motion to dismiss as follows:

1. plaintiff has met the registration requirement of 17 U.S.C. § 411(a);
2. plaintiff is not entitled to statutory damages or attorney's fees under the copyright statute;
3. plaintiff's state law conversion and unjust enrichment claims are preempted by federal copyright law and are dismissed without leave to amend;
4. plaintiff's state law fraud claim fails to state a claim and is dismissed with twenty (20) days leave to amend;
5. plaintiff's Lanham Act claim is sufficient to state a claim;
6. plaintiff's sixth and seventh causes of action fail to state a claim and are dismissed.